UNITED STATES BANKRUPTCY COURT

DISTRICT OF MINNESOTA

---

Chapter 13

In re:

Ryan R. Johnson
Brittany Ethen,

Debtors.

Case No.: 26-60356

---

Stearns County Human
Services Department,

Plaintiff,

v.

Bittany L. Ethen and
Ryan Roy Johnson,

Defendants.

COMPLAINT TO DETERMINE

NON-DISCHARGEABILITY OF DEBT

(11 U.S.C. §523(a)(2)(A), (B) and 11 U.S.C. §523(a)(5))

Adv. Proc. No.:

---

Plaintiff, Stearns County Human Services, as and for its Complaint against Defendants Brittany L. Ethen and Ryan Roy Johnson respectfully alleges:

JURISDICTION AND VENUE

1. On June 2,2026, the Debtors filed a voluntary petition (the "Petition") for relief under Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Minnesota.

2. On or about August 18, 2026, Plaintiff filed a Proof of Claim with the Bankruptcy Court in the amount of the remaining balance due for the overpayment of MFIP benefits for support, including child care assistance, in the amount of one hundred one thousand, five hundred fifty-three dollars and twenty-seven cents. ($101, 553.27). This amount does not include penalties or interest.

3. As of the date of this Complaint the Debtors have not been granted a discharge.

4. This Complaint is timely because the date by which a Complaint objecting to the Debtor's discharge or to determine dischargeability of the debt must be filed by August 28, 2026.

5. The deadline for governmental units to file a proof of claim according to the bankruptcy notice is November 30, 2026.

6. This is an adversary proceeding in which the plaintiff-creditor is seeking a determination as to the dischargeability of the debt owed by the Defendants to Plaintiff under Bankruptcy Code 11 U.S.C. §§ 523(a)(2)(.A), 523(a)(2) (B). 523(a)(5).

7. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and Bankruptcy Code §523.

8. This case is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(I) and 157(b)(2)(J).

PARTIES

9. Plaintiff, Stearns County Human Services is a Department of the County of Stearns, a body politic and corporate, and a governmental subdivision of the State of Minnesota, which maintains its principal office at Stearns County Human Services, Financial Unit, Administration Center, 705 Courthouse Square, St. Cloud, MN 56301. Plaintiff is a judgment creditor in the above-named Chapter 13 Bankruptcy case.

10. Defendants Brittany L. Ethen and Ryan R. Johnson are debtors in the above-captioned case and have resided at all relevant times at 201 3rd St., Albany, MN 56307.

FACTS

11. Defendant, Brittany Ethen, began receiving Minnesota Family Investment Program (MFIP), Supplemental Nutrition Assistance Program (SNAP), and Child Care Assistance Program (CCAP) in August 2019, after her son **[RRJ-E]** was born.

12. Defendant reported to Stearns County Human Services that she did not know who the father of RRJ-E was and denied that the father was Ryan Johnson, whom she identified as her roommate.

13. Plaintiff referred the matter to the Stearns County Sheriff Office for a fraud prevention investigation on June 18, 2024.

14. During the fraud investigation, on August 12, 2024, Defendant Brittany Ethen admitted to the Fraud Investigator that Ryan Johnson was RRJ-E's biological father, that she owned the house at 201 3rd. St., Albany MN together with Ryan Johnson, and that she and Ryan Johnson had been residing there for the past seven years.

15. Defendant Brittany Ethen also admitted to the fraud investigator on August 12, 2024, that she provided incorrect information because she knew that she would not be eligible for assistance if Ryan Johnson's income was included as household income.

16. Defendants received the last assistance payments in September, 2024.

17. Plaintiff provided Defendants with the amount of overpayment calculations based on the Defendants income from 2019 through 2024 on March 14, 2025.

18. Defendants appealed the amount of overpayment on March 27, 2025 and recovery billing was placed on hold as the appeals had been filed.

19. Following a contested hearing, the Department of Human Services Administrative Judge Kalli Bennett issued the Decision of State Agency on Appeal, affirming the calculations of overpayment submitted by Stearns County Human Services on October 3, 2025.

20. Neither Defendant requested reconsideration of the Decision, nor did they appeal the decision to district court

21. On January 6, 2026, Defendant Brittany Ethen called Stearns County Human Services to set up a repayment plan of $200 per month.

21. On March 31, 2026, the repayment plan was increased to $225 per month.

23. Between January 23, 2026 and May 7, 2026, Defendants paid $1,050 under the repayment plan and no further payments have been made.

24. Plaintiff administers the Supplemental Nutrition Assistance Program (SNAP), the Minnesota Family Investment Program (MFIP) and the Child Care Assistance Program (CCAP) in Stearns County Minnesota.

25. Plaintiff was contacted on May 19, 2026 by the Inspector General at the Minnesota Department of Human Services, who advised that Stearns County must pursue an intentional program violation against Defendants either through criminal prosecution or through civil disqualification.

26. A Notice of Intentional Program Violation and Right to Waive Hearing were provided to Defendant Brittany Ethen by the Fraud Investigator on May 19, 2026.

27. Defendant Brittany Ethen signed the Notice of Intentional Program Violation and Right to Waive Hearing on June 3, 2026, choosing to admit the intentional program violation and waive the administrative hearing.

28. The household income of Defendants was over the entry income limit for MFIP, including SNAP benefits, between August 2019 and September 2024.

29. The total payments for cash and food received by Defendant Brittany Ethen through MFIP, including SNAP benefits, which was open between August 2019, through September 20, 2024. amounted to $39,972.00.

30. Defendant's payments amounting to $1,050.00 reduced this amount to $38,922.00.

31. Defendant's household income was over the Entry Income Limit for CCAP, which was funded by MFIP, for the entire time that CCAP was open, from August 29, 2019 through September 20, 2024.

32. The total payments to Defendant for child care during that period was $62,631.27.

33. That to date, the total balance due from Defendants for the overpayment of benefits amounts to $101,553.27.

CAUSES OF ACTION

COUNT I - Non-Dischargeable Debt under 11 U.S.C. §523(a)(2)(A) of the Bankruptcy Code.

34. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 33 of this Complaint as if set forth at length herein.

35. Bankruptcy Code 11 U.S.C. § 523(a)(2)(A) provides, in relevant part, that:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt . . .
>
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by . . .

(A) false pretenses, a false representation or actual fraud, other than a statement respecting the debtor's or an insider's financial condition ...

36. All or part of the debt owed to Plaintiff, as evidenced by the Decision of State Agency (DHS contested hearing) on appeal, Kelli Bennett, Human Services Judge, dated October 3, 2025 and contested hearing Exhibits; Stearns County Sheriff Departments ICR Reports 24051085 and 26011729 and attachments; Investigator Younkin's body camera footage; Notice of Intentional Program Violation and signed Waiver of Hearing dated June 3, 2026; is non-dischargeable as it is a debt for money, property, services, or an extension, renewal, refinancing of credit, that was obtained by false pretenses, a false representation, or actual fraud within the meaning of Bankruptcy Code 11 U.S.C. § 523(a)(2)(A).

COUNT II - Non-Dischargeable Debt under 11 U.S.C. §523(a)(2)(B) of the Bankruptcy Code.

37. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 33 of this Complaint as if set forth at length herein.

38. Bankruptcy Code 11 U.S.C. § 523(a)(2)(B) provides, in relevant part, that:

(a) A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt . . .

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by . . .

(B) use of a statement in writing –

(i) that is materially false;

(ii) respecting the debtor's or an insider's financial condition;

(iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; an

(iv) that the debtor caused to be made or published with intent to deceive; or . . .

39. All or part of the debt owed to Plaintiff, as evidenced by the Decision of State Agency (DHS contested hearing) on appeal, Kelli Bennett, Human Services Judge, dated October 3, 2025 and contested hearing Exhibits, including benefit applications and reports; Stearns County Sheriff Departments ICR Reports 24051085 and 26011729 and attachments; Investigator Younkin's body camera footage; Notice of Intentional Program Violation and signed Waiver of Hearing dated June 3, 2026; is non-dischargeable as it is a debt for money, property, services, or an extension, renewal, refinancing of credit, that was obtained by false pretenses, a false representation, or actual fraud within the meaning of Bankruptcy Code 11 U.S.C. § 523(a)(2)(B).

COUNT III - Non-Dischargeable Debt under 11 U.S.C. §523(a)(5) of the Bankruptcy Code.

40. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 33 of this Complaint as if set forth at length herein.

41. Bankruptcy Code 11 U.S.C. § 523(a)(5) provides, in relevant part, that:

(a) A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt . . .

(5) for domestic support obligation; . . .

42. All or part of the debt owed to Plaintiff, as evidenced by the Decision of State Agency (DHS contested hearing) on appeal, Kelli Bennett, Human Services Judge, dated October 3, 2025 and contested hearing Exhibits; Stearns County Sheriff Departments ICR Reports 24051085 and 26011729 and attachments; Investigator Younkin's body camera footage; Notice of Intentional Program Violation and signed Waiver of Hearing dated June 3, 2026; is

non-dischargeable as it is a debt for domestic child support within the meaning of Bankruptcy Code 11 U.S.C. § 101(14A) and 11 U.S.C. § 523(a)(5).

RELIEF REQUESTED

Plaintiff requests that the Court:

a. Determine that the debt owed to Plaintiff in the amount of one hundred one thousand, five hundred fifty-three dollars and twenty-seven cents. ($101, 553.27) is non-dischargeable under 11 U.S.C. §523(a)(2)(A), §523(a)(2)(B), and/or §523(a)(5).

b. Award Plaintiff costs and reasonable attorney fees as allowed by law; and

c. Grant such other relief as the Court deems just and proper.

Respectfully submitted

COUNTY OF STEARNS

/s/ Brenda L. Theis

Dated: August 18, 2026

Brenda L. Theis
Assistant Stearns County Attorney
Attorney Registration No.: 0199734
Rm 448 Administration Center
705 Courthouse Square
St. Cloud, MN 56301
(320) 656-6319
Email: brenda.theis@co.stearns.mn.us